UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YOUYUAN XING, | Case No. C26-607-RSM |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Youyuan Xing's Motion for Temporary Restraining Order ("TRO"), Dkt #6. This case was filed on February 19, 2026. On February 27, 2026, Plaintiff filed an affidavit of mailing summonses and copies of the Complaint to Defendants. Dkt. #4. No Defendant has appeared. The instant Motion was filed on March 13, 2026. Plaintiff requests an Order directing Defendants to adjudicate his I-765 Application within 72 hours. Dkt. #6 at 6. Plaintiff has failed to include a certificate of service and does not mention the issue of notice. *See id*.

Plaintiff is a citizen of China whose work authorization under "STEM OPT" expired on February 16, 2026. Dkt. #1 at 3; Dkt. #6-2 at 1–2. He filed an I-765 Application for Employment Authorization on November 3, 2025, pursuant to his "pending I-485 Application

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

based on his marriage to a Lawful Permanent Resident." *Id*. USCIS has not processed that request, allegedly due to a background check delay, resulting in Plaintiff losing his job and an inability for Plaintiff to get a new job. *See* Dkt. #1. Plaintiff has called USCIS repeatedly, filed a formal request with the CIS Ombudsman, reached out to two Congressional offices, and attempted to correspond with the local U.S. Attorney's office. *See* Dkt. #6-2 at 2–3. Plaintiff states that his family is facing "an immediate financial crisis" and "an imminent risk of defaulting on our primary residence's mortgage." *Id*. at 3–4. Plaintiff attaches a November 2025 mortgage statement indicating that he owed $1,952.37 on December 1, 2025. Dkt. #6-2 at 43. The same document indicates that Plaintiff paid the previous amount owed in full. *Id*. Plaintiff states that the stress of the situation has exacerbated his wife's depression. *Id*. at 4.

"The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." *Id*.

Typically, a party requesting a TRO must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2

relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

The Court has reviewed the briefing and the remainder of the record and finds that this TRO is properly denied under Rule 65(b)(1) and LCR 65(b)(1). Defendants have not appeared in this case and did not automatically receive a copy of this Motion. Plaintiff has failed to include a certificate of service, otherwise address the issue of notice, or explicitly seek a ruling without notice. The Court is not convinced that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Accordingly, having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order, Dkt #6, is DENIED. Plaintiff is advised to serve Defendants with a copy of this Motion before refiling.

DATED this 13th day of March, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3