UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YOUYUAN XING,

    Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, *et al.*,

    Defendants.

Case No. C26-607-RSM

ORDER DENYING SECOND MOTION
FOR TEMPORARY RESTRAINING
ORDER

This matter comes before the Court on Plaintiff Youyuan Xing's Second Motion for Temporary Restraining Order ("TRO"), Dkt #9. This case was filed on February 19, 2026. On March 13, 2026, the Court denied Plaintiff's first TRO for failure to serve Defendants or to argue for relief without notice. Dkt. #8. This second TRO was filed on March 16, 2026, and Defendants have now appeared and filed a Response. *See* Dkts. #9–#13.

Plaintiff seeks an Order directing Defendants to adjudicate his I-765 Application within 72 hours. Dkt. #9 at 6. Plaintiff is a citizen of China whose work authorization under "STEM OPT" expired on February 16, 2026. Dkt. #1 at 3; Dkt. #10 at 1–2. He filed an I-765 Application for Employment Authorization on November 3, 2025, pursuant to his "pending I-485 Application based on his marriage to a Lawful Permanent Resident." *Id*. USCIS has not

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 1

processed that request, allegedly due to a background check delay, resulting in Plaintiff losing his job and an inability for Plaintiff to get a new job. *See* Dkt. #1. Plaintiff has called USCIS repeatedly, filed a formal request with the CIS Ombudsman, reached out to two Congressional offices, and attempted to correspond with the local U.S. Attorney's office. *See* Dkt. #10 at 2–3. Plaintiff states that his family is facing "an immediate financial crisis" and "an imminent risk of defaulting on our primary residence's mortgage." *Id*. at 3–4. Plaintiff attaches a November 2025 mortgage statement indicating that he owed $1,952.37 on December 1, 2025. *Id*. at 46. The same document indicates that Plaintiff paid the previous amount owed in full. *Id*. Plaintiff states that the stress of the situation has exacerbated his wife's depression. *Id*. at 4.

Typically, a party requesting a TRO must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

Under the Administrative Procedure Act ("APA"), "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. Agency action includes "failure to act." 5 U.S.C. § 551(13). Where agency action is "unlawfully withheld or unreasonably delayed," the court

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 2

"shall compel agency action." 5 U.S.C. § 706(1).  However, to the extent that "agency action is committed to agency discretion by law," the APA does not apply. 5 U.S.C. § 701(a)(2). To succeed on an APA claim for unreasonable delay by an agency, a plaintiff must show that: (1) the agency had a nondiscretionary duty to act; and (2) the agency unreasonably delayed in acting on that duty.  *See, e.g., Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65, 124 S. Ct. 2373, 159 L. Ed. 2d 137 (2004) (citing *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80, 242 U.S. App. D.C. 222 (D.C. Cir. 1984) ("TRAC")).

The Ninth Circuit has adopted a six-factored test for determining whether an agency delay is unreasonable:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*See Brower v. Evans*, 257 F.3d 1068 (9th Cir. 2001) (quoting *TRAC*, 750 F.2d at 80).

In their Response brief, Defendants argue:

> Here, USCIS's rule-of-reason for adjudication of I-765s is first-in, first-out. *See Ray v. Cuccinelli*, No. 20-cv-6279-JSC, 2020 WL 6462398, at *8-*9 (N.D. Cal. Nov. 3, 2020) (describing the first-in, first-out process). Typically, USCIS adjudicates 80% of the pending Form I-765s within 7.5 months. Plaintiff filed his Form I-765 with the agency on November 3, 2025, which means it has only been pending for approximately four months. Dkt. 9 at pp. 4-5. Accordingly, USCIS is still within its typical adjudication time frame for applications like Plaintiff's. The case law also demonstrates that such a delay is not unreasonable—indeed,

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 3

numerous district courts have dismissed APA claims based on similar and even longer alleged delays in administrative processing.

Dkt. #13 at 9 (footnote omitted).

The Court has reviewed the briefing and the remainder of the record under these standards and finds that this TRO is properly denied for failure to show a likelihood of success on the merits. The Court agrees with Defendants that Plaintiff has failed to show an unreasonable delay after only four months. Although Plaintiff points to the impact of this delay on his own welfare and the welfare of his wife, he has failed to engage with other *TRAC* factors, *e.g.*, he has fails to explain why his I-765 application should take priority over other agency activities. Finally, the Court notes that even if Plaintiff demonstrated a likelihood of success on the merits, he has again failed to demonstrate a likelihood of irreparable harm in the absence of preliminary relief.

Accordingly, having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Second Motion for Temporary Restraining Order, Dkt #9, is DENIED. The Court will not grant a TRO in this case without a significant change in the factual circumstances.

DATED this 18th day of March, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER - 4